[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In their amended complaint, the plaintiffs allege that the defendants have trespassed on the plaintiffs' land and engaged in logging operations thereon., The plaintiffs seek money damages, injunctive relief, and a quieting of title in the plaintiffs. The defendants cross-complain that the plaintiffs have trespassed on their property and seek similar relief. A trial to the court on this matter was held on November 22, 1995.
Essentially, this case is a boundary dispute. The land claimed to be owned by both sides of the litigation lies generally to the south and west of other land undisputedly owned by the plaintiffs and to the east of other land undisputedly owned by the defendants. The crux of the dispute is that the defendants believe that the eastern boundary of their farm is farther east than where the plaintiffs believe that boundary to lie. The contested land comprises fifteen to twenty acres of mixed pasture, woodland, bog, and swamp.
The plaintiffs acquired title to their farm in 1969 and have pastured livestock on the land in controversy annually since that time. The defendants took title to their farm in 1983 and have grazed animals and harvested cordwood in the contested area since then. The disagreement stems from differing views as to where the calls contained in the deed conveying title to the defendants and establishing the defendants' eastern border physically match features on the land. The tract of land conveyed to the defendarts by conservatrix's deed in 1983, lies off what is now Lisbon Road in Canterbury. That deed contains a description which has remained materially unchanged since a conveyance in the defendants' chain of title in 1904, which description reads as follows: CT Page 12558-A
 "Beginning at the southwesterly corner of land now or formerly of Ida Feinstein and running easterly by said land to the end of a line wall, to land now or formerly of Elmer E. Richmond; thence southerly by the old fence to a hornbeam tree; thence easterly to a mere stone in a bog; thence southerly to a heap of stones on the easterly side of the brook near the cart path; thence southerly to the end of land now or formerly of William Dennis; thence westerly by said Dennis land to the above-mentioned highway; thence northerly by said highway to the place of beginning."
The deed in the defendants' chain of title since 1904 describe this tract as containing fifty acres more or less. The deed to the defendants excepts from this description seven pieces which were carved out of the original fifty acre tract between 1953 and 1980.
Both sides of this litigation presented the testimony of experienced and qualified land surveyors to support their contentions. The plaintiffs' expert, Louis J. Soja, conducted an extensive examination of the plaintiffs' property, including the area in dispute, and the land records pertinent to the plaintiffs' farm, the defendants' farm, and the property of some of the abutters to both properties. (Plaintiffs' Exhibits E and G.) He prepared an A-2 land survey of the plaintiffs' farm. (Plaintiffs' Exhibits D-1 and D-2). Based on his research and survey, he rendered an opinion that the plaintiffs own the land in dispute. He denoted his finding as to the defendants' eastern boundary in orange on Exhibit D-2.
The defendants' expert, Rob Hellstrom, analyzed the land records pertaining to the defendants' chain of title and conducted an extensive examination of the defendants' farm including the disputed area. He did not prepare an A-2 level survey but instead prepared a "location survey". He did not review the land records with respect to the plaintiffs' chain of title nor those of abutters of the plaintiffs' and defendants' farms. He scrupulously avoided rendering an opinion concerning the ownership of the contested land. He confined his location survey and testimony to noting where physical features could be found which might correspond to the calls describing the eastern boundary of the defendants' land. CT Page 12558-B
Hellstrom located, with the defendants' guidance, an old and decaying tree stump which had some barbed wire affixed to it. The stump is about eight feet high and twenty inches in diameter. Hellstrom was unable, and unqualified, to determine the species of tree from which the stump remained. The stump had a pile of stones nearby. Hellstrom, again with the defendants' direction, located a pile of stones with a mere stone in it, to the southeast of the tree stump. Hellstrom opined that, if one assumed that the tree stump was the remains of the hornbeam tree referred to in the deed description, one could draw a line in a northerly direction which would intersect a stone line-wall at an end point which might then correspond to the line-wall end point mentioned in the deed. Using this endpoint, the tree stump, and the pile of stones containing the mere stone, Hellstrom constructed an eastern boundary consistent with the defendants' claims.
Soja determined the eastern boundary of the defendants' tract to be hundreds of feet to the west of the boundary constructed by Hellstrom. Soja ascertained the northern terminus of the eastern boundary by following the line-wall mentioned above from Lisbon Road in an easterly direction. The line-wall forms part of a straight line for several hundred feet, but the wall itself is discontinuous, having two considerable gaps along its length. These gaps in the line-wall create four possible candidates for the endpoint in the line-wall cited in the defendants' deed. At the first gap one encounters heading east from Lisbon Road along the line-wall, an endpoint exists which intersects with the remnants of a stone and wire fence which runs southerly from this endpoint. Soja opined that this fence line is the one referred to in the second call in the defendants' deed. The court finds by clear and convincing evidence, that Soja's opinion is correct and that the eastern boundary of the defendants' land is as Soja has depicted it in Exhibit D-2.
The court reaches this conclusion for the following reasons. The remnants of a fence heading south from the line-wall endpoint chosen by Soja matches the description of such a fence the defendants' deed. No such fence remnants exist from the endpoint chosen by Hellstrom. No evidence was adduced that the tree stump used by Hellstrom to fix his endpoint in the line-wall was the remains of a hornbeam tree. Soja compared the endpoint in the line-wall he utilized with the deed descriptions used in the CT Page 12558-C abutting chains of title, and the distances described therein compared favorably to this endpoint. The endpoint used by Hellstrom, on the other hand, was several hundred feet farther east and compared unfavorably to the abutter's deeds. Soja and Hellstrom agreed that a bog presently exists and is closer to Soja's boundary determination than to Hellstrom's. The pile of stones surrounding the mere stone appears recently assembled. The mere stone was not imbedded in the ground as was the usual custom. Instead, the mere stone was simply thrust into the pile of stones. When Soja checked underneath the pile of stones, he discovered intact leaves which ought to have been disintegrated since 1904.
Finally, a comparison of the acreage of the resulting tracts using both the plaintiffs' and defendants' boundary claims favors the plaintiffs' contention. Both Soja and Hellstrom determined that the seven pieces of land excepted from the original fifty acre tract comprise about thirty-five acres. This ought to leave the defendants with around fifteen acres. The eastern boundary as surveyed by Soja and asserted by the plaintiffs results in just about this area of land. Use of the defendants' placement of their eastern boundary more than doubles this area to over thirty acres. This conflicts with the fifty acre starting point in the defendants' deed and would necessitate a beginning acreage of sixty-five to seventy acres to account for the seven excepted pieces.
The court finds, by clear and convincing evidence, that the plaintiffs have proved that the eastern boundary of the defendants' farm is as depicted in Exhibit D-2, entitled "A Survey Plan Prepared for Seng Schwitzer and the Estate of David Schwitzer Lisbon Rd. Canterbury, CT" and dated May 1994, revised June 14, 1994, and prepared by Lewis J. Soja, Jr., of Plainfield. Consequently, the court finds that the title to the disputed land lies with the plaintiffs. The court enjoins the defendants from entering upon or otherwise interfering with the plaintiffs' enjoyment and use of said land.
No evidence was introduced regarding the value of any trees or diminution in value of the land caused by the defendants' trespass and harvesting of wood. Therefore, no money damages are awarded.
Sferrazza, J.